**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 22-1005

---

EILEEN CHOLLET; DENNIS MA, on behalf of C.M., their minor child; MERYEM GHAZAL; RICHARD GHAZAL, on behalf of P.G., their minor child; GUADALUPE WILLIAMSON; TIMOTHY WILLIAMSON, on behalf of T.W., their minor child,

        Plaintiffs - Appellants,

    v.

DR. SCOTT BRABRAND, in his role as Superintendent, Fairfax County Public Schools,

        Defendant - Appellee.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, Senior District Judge. (1:21-cv-00987-AJT-JFA)

---

Submitted: February 21, 2023                Decided: August 18, 2023

---

Before WYNN, HARRIS, and HEYTENS, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

**ON BRIEF:** George M. Clarke, BAKER & MCKENZIE LLP, Washington, D.C., for Appellants. John F. Cafferky, Ian J. McElhaney, BLANKINGSHIP & KEITH, PC, Fairfax, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiffs are the parents of minor children with special needs who attend the Fairfax County Public Schools ("FCPS") in Virginia. Pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, FCPS provides the plaintiffs' children with special education services based on Individualized Education Programs ("IEPs"). Between March 2020 and February 2021, FCPS – like many school districts – responded to the COVID-19 pandemic by switching to a virtual learning model. The plaintiffs believe that FCPS's use of remote instruction was inconsistent with their children's individualized needs and "caused them to fall behind the progress envisioned in their IEPs." J.A. 19 (internal quotation marks omitted). But rather than addressing these concerns through the IDEA's prescribed administrative channels, the plaintiffs filed suit directly in district court, alleging an unconstitutional "taking" of their children's purported Fifth Amendment property interest in a public education.

The district court dismissed the complaint for failure to exhaust state administrative remedies under the IDEA. *Chollet v. Brabrand*, No. 1:21-cv-00987-AJT-JFA, 2021 WL 6333049, at *3 (E.D. Va. Nov. 29, 2021). Generally speaking, the IDEA "requires exhaustion when the gravamen of a complaint seeks redress for a school's failure to provide a [free appropriate public education]" to a disabled child, even if the complaint is framed differently or brought under another statute. *Fry v. Napoleon Cmty. Schs.*, 580 U.S. 154, 170 (2017). And here, the district court observed, the gravamen of the complaint rested squarely on FCPS's alleged failure to provide the plaintiffs' children appropriate special education services, as required by their IEPs, during the pandemic. *Chollet*, 2021 WL

6333049, at *3–4.  Under a straightforward application of *Fry*, then, the court held that exhaustion was required and dismissed the case.  *Id.* [1]

After this appeal had been fully briefed, however, the Supreme Court recognized an additional prerequisite to the IDEA's exhaustion requirement.  *See Luna Perez v. Sturgis Pub. Schs.*, 143 S. Ct. 859 (2023).  In *Luna Perez*, the Court held that even when a plaintiff's suit is "admittedly premised on the past denial of a free and appropriate education," administrative exhaustion is not required "if the *remedy* a plaintiff seeks is not one [the] IDEA provides."  *Id.* at 865 (emphasis added).  The parties now dispute, in light of *Luna Perez*, whether and to what extent the plaintiffs seek a remedy also available under the IDEA.  But this question was not briefed before the district court or this court on appeal, and as is customary, we decline to address it in the first instance.  *See Graham v. Gagnon*, 831 F.3d 176, 189 (4th Cir. 2016).  Accordingly, we vacate the district court's order dismissing the plaintiffs' complaint and remand for further proceedings. [2]

*VACATED AND REMANDED*

---

[1] The court believed this failure to exhaust deprived it of subject matter jurisdiction and therefore dismissed the action under Federal Rule of Civil Procedure 12(b)(1).  After the district court's ruling, however, this court held that "the IDEA's exhaustion requirement is not a jurisdictional requirement but a claims-processing rule," *K.I. v. Durham Pub. Schs. Bd. of Educ.*, 54 F.4th 779, 792 (4th Cir. 2022), which means that failure to exhaust generally cannot be asserted by way of a Rule 12(b)(1) motion.  *See Z.W. v. Horry Cnty. Sch. Dist.*, No. 21-1596, 2023 WL 3666904, at *2–3 (4th Cir. May 26, 2023).  The plaintiffs here have not argued for reversal on this ground, and any such argument is thus forfeited.  *See id.*  But going forward, the district court will have the benefit of our ruling in *K.I.* and may proceed accordingly.

[2] We also decline the defendant's request to affirm on the alternative ground that the switch to remote learning during the pandemic did not effectuate a "taking" of private property cognizable under the Fifth Amendment's Takings Clause.  That argument, too, we leave to the district court to address in the first instance.